IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD PIERRE BEASLEY, )
)
        Petitioner, )
)
vs. ) Case No. 18-cv-1125-DRH
)
T.G. WERLICH, )
)
        Respondent. )

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in Federal Correctional Institution Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his sentence. Petitioner is serving a 447-month sentence on 8 counts: 1) Conspiracy in violation of 18 U.S.C. §§ 371, 2113(a),(d); 2) Armed Bank Robbery in violation of 18 U.S.C. §§ 2, 2113(a),(d), 3) Use of a Firearm in a Crime of Violence in violation of 18 U.S.C. §§ 2, 924(c)(1); 4) Use of a Firearm in a Crime of Violence in violation of 18 U.S.C. §§ 2, 924(c)(1), 5) Armed Bank Robbery in violation of 18 U.S.C. §§ 2, 2113(a), (d); 6) Use of a Firearm in a Crime of Violence in violation of 18 U.S.C. §§ 2, 924(c)(1); 7) Use of a Firearm in a Crime of Violence, 18 U.S.C. §§ 2, 924(c)(1); 8) Possession of an Illegal Firearm in violation of 26 U.S.C. §§ 5841, 5845(a)(2) and 5861(d). (Doc. 1, pp. 7-8). Petitioner was sentenced to 147 months on the underlying substantive crimes (conspiracy, armed bank robbery, and possession). (Doc. 1, p. 12). Additionally,

he received 120 months on Count 3, 60 months on Count 4, 240 months on Count 6, and 60 months on Count 7, (the use of a firearm counts). *Id*.

Petitioner bases his argument on *Dean v. United States*, 137 S.Ct. 1170 (2017). Specifically, he argues that he is entitled to resentencing based on *Dean*'s holding that nothing in § 924(c) restricts the authority of sentencing courts to consider mandatory minimums when setting a sentence for the underlying crime. (Doc. 1, pp. 8-9). Petitioner also invokes *Mathis v. United States*, 136 S.Ct. 2243 (2016). (Doc. 1, p. 1).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the Petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the Petition must be dismissed.

## **Discussion**

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). In this case, Petitioner is clearly attacking his sentence. However,

Petitioner argues that § 2255 is not available to him because *Dean* was decided after his conviction, appeal, and the disposition of his § 2255 Petition.

The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). A federal prisoner must meet 3 criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

Petitioner cannot satisfy the second *Davenport* requirement. *Dean* has not been deemed retroactively applicable by the Seventh Circuit, and other courts to consider the question have reached the opposite conclusion. *See, e.g., Taylor v. True*, No. 18-CV-0556-DRH, 2018 WL 2229323, at *3 (S.D. Ill. May 16, 2018);

3

*Tomkins v. United States*, 2018 WL 1911805, at *20 (N.D. Ill. April 23, 2018) (finding that *Dean* does not apply retroactively) (citing *United States v. Carter*, 2018 WL 1369908, at *3 (D. Or. Mar. 9, 2018) (concluding that "*Dean* is not retroactive because it is a new procedural rule designed to enhance the accuracy of a conviction or sentence by regulating the manner of determining the defendant's culpability." (internal quotations omitted) ); *United States v. Dawson*, 300 F.Supp.3d 1207, 1214 (D. Or. 2018) (concluding that *Dean* does not apply retroactively because the case "was about a sentencing judge's discretion, which is a procedural concern."). *See also Rhodes v. United States*, 2018 WL 950223, at *6 (E.D. Mo. Feb. 20, 2018) ("*Dean* does not apply retroactively to § 2255 proceedings under the criteria set forth in *Teague v. Lane*[.]" (citations omitted) ); *United States v. Cooley*, 2017 WL 4003355, at *2 (W.D. Mich. Sept. 12, 2017) (dismissing § 2255 motion as untimely, as *Dean* was not retroactive); *United States v. Adams*, 2017 WL 2829704, at *2 (W.D. Va. June 29, 2017) (same). This includes the Fifth Circuit, which is the only court of appeals to address the issue to date. *In re Dockery*, 869 F.3d 356 (Mem)(5th Cir. 2017) (*Dean* does not apply retroactively to a § 2255 motion). This also includes the only other district court in this circuit to consider the question. *See, e.g., Reed v. United States*, 2018 WL 453745, at *2 (N.D. Ill. Jan. 16, 2018) (finding that *Dean* does not apply retroactively to case on collateral review); *Hall v. United States*, 2017 WL 3235438, at *3 (N.D. Ill. July 31, 2017) (finding *Dean* does not have retroactive application). Petitioner makes no arguments about why these cases were wrongly

decided or provide a compelling reason to consider *Dean* retroactive other than to state in a conclusory fashion that prior case law requires that conclusion. The Court does not agree.

Petitioner's citation to *Mathis* may be his attempt to get around this problem, because some courts have presumed that *Mathis* applies retroactively. *Holt v. United States*, 843 F.3d 720, 721 (7th Cir. 2016). But *Mathis* addressed a challenge to a sentence under the Armed Career Criminal Act, 18 U.S.C. 924(e)("ACCA"). 136 S.Ct. at 2247. Courts have also applied *Mathis* to the career offender sentencing guidelines. *United States v. Edwards*, 836 F.3d 831, 834 n. 2 (7th Cir. 2016). Petitioner was not sentenced under either the ACCA or the career offender guidelines. In fact, he describes himself as a first time offender. (Doc. 1, p. 10). Thus, *Mathis* is not applicable to his situation, and Petitioner cannot use *Mathis* to trigger the savings clause. The Court finds that Petitioner has failed to establish that he has triggered the savings clause in § 2255(e). Accordingly, the § 2241 Petition shall be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If

petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[1] appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.06
12:38:11 -05'00'

U.S. District Judge